and we'll hear the final two cases together of Kinchen v. St. John's and Gonzales. Ms. Kinchen? Yes, good morning Justice Chen, Justice Loera, and Justice Park. I am Lenora Kinchen and I represent myself as the appellant. May it please the court, I appear today to request the reversal of the district court's order dismissing my complaint. The district court did not follow their own procedures from the beginning. At the initial intake, the pro se court clerk advised that the magistrate would manage all the pretrial functions and there would be no dismissal without discovery. My case, in fact, was dismissed without discovery. There was no magistrate, hearing, mediation, initial disclosures, settlement options, discovery, or a trial by jury. I was informed by the court that these procedures would take place, yet these procedures did not take place and there was no explanation for it. Instead, the ruling was made from the bench despite my request for a trial by jury. Moreover, there were no affidavits or witnesses to substantiate a dismissal. In fact, the judge and counsel were acting as attorneys for the defendants by answering on their behalf, which is hearsay, and an example of this is on the order dated March 26th, 2019, pages 13, under Stored Communication Act, and on pages 24 under the FMLA, they assert what the defendants argued, whereas counsel cannot stand witness for the defendants. I was constantly asked to amend my case when sufficient facts were present. The details that the motion and auditors were seeking, referencing failure to state a claim, could have been proven in discovery. I do have evidence to include emails, witnesses, recordings, photos, and documents to show the defendants were in violation of the law and their policies concerning hiring practices, performance, FMLA, and the improper usage of electronic communication, thereby I can prove my case. However, the improper court procedures made me feel undermined and pressured to submit my evidence outside of the judicial process. There was an element of confusion. The process was skipped over, and at one point, I was even asked by the program director's office, which I was sent to, they recommended that I remove names from the caption, which created a lack of trust, but if given the chance, if given a fair judicial process, I would reveal my evidence. The pro se clerks and the appeals clerk and the pro se lawyers were also confused at one point and expressly stated this during my interaction, and in conclusion, it seemed to me that the pre-motion conference held for the defendants replaced the entire judicial process. This was the case for 192849, Kenshin v. Gonzales. I received permission from the court to proceed with filing a separate complaint against the individual. I paid for two separate procedures and requested a trial for both, and I explained my reason for doing so at the pre-motion conference. The complaint was acknowledged by the court as duplicate and, in my opinion, treated as irrelevant. I was denied due process twice, I'm sorry, denied due process, and the case was dismissed twice on March 26th and 2019 and May 14th of 2019. There was no appeal packet issued for this complaint. The actions and inactions of the court led me to request the recusal of the judge, but she refused, so here I am. I am urging the higher court to vacate the judgment and order the district court to return my case to the lower court and to start over with a new and impartial judge and a trial by jury. Thank you. Thank you. Ms. Gross? Barbara Gross from Blitler-Mendelsohn for Appellees, may it please the court. Judge Brody correctly granted Appellees' motions to dismiss both actions. She also correctly denied Appellants' motions for discovery, motions for Judge Brody's recusal, and motions to set aside Judge Brody's orders. Ms. Kinchin does not address or argue with any of the reasons set forth in Judge Brody's decisions for granting the motions to dismiss her Stored Communications Act, Wiretap Act, and potential FMLA claim, her failure to state a claim, and declining to exercise supplemental jurisdiction over her state law claims. Instead, Ms. Kinchin alleges that the motions to dismiss should not have been granted because she was denied due process when she was not afforded the opportunity to take discovery or have a full trial, incorrectly arguing that a case may not be dismissed without the opportunity to first take discovery. Judge Brody correctly addressed this argument in denying the motions for discovery made by Ms. Kinchin after the motions to dismiss were granted, explaining that where a peer and amended complaint fails to state a federal claim as a matter of law, discovery is not warranted. Ms. Kinchin also argues without any basis that Judge Brody exhibited bias against her and should have recused herself from Ms. Kinchin's lawsuit, arguments that were correctly addressed by Judge Brody in her decisions denying the recusal motions. Ms. Kinchin also asserts for the first time on appeal without any basis that the transcript recorded at the initial pre-motion conference was somehow improperly transcribed. She failed to explain how the alleged transcription issue would warrant reversal of any decisions in any event. The only claims that were dismissed by Judge Brody at the pre-trial conference were two claims that did not provide for a private right of action. Despite granting appellee's motion to dismiss the actions against St. John's and the individual defendants and dismissing the case against Ms. Gonzalez as duplicative, the district court gave Ms. Kinchin three opportunities to file a second amended complaint in order to try to cure the deficiencies that led to the dismissal of her claim. In the decision on the motions to dismiss, Judge Brody even explained what Ms. Kinchin would need to be able to allege in order to state her dismissed federal claims sufficiently as a matter of law. This was after Judge Brody had given similar detailed instructions to Ms. Kinchin at the pre-motion conference regarding the original complaint where the district court advised Ms. Kinchin what she would need to include in an amended complaint for her claims to be sufficient. Rather than amending after the motions to dismiss were granted, we would submit because the facts simply do not exist to support Ms. Kinchin's speculative claims. Ms. Kinchin instead filed her motion seeking discovery, recusal, and relief from the order. The district court correctly denied these motions and closed her cases when she refused to file a second amended complaint. Thus, the court should affirm the district court's order dismissing her amended complaint and denying her subsequent motions in their entirety. Thank you. Ms. Kinchin, you have a minute for rebuttal. Thank you, Justices. I would like to add that Ms. Groves expressed during the pre-motion trial, excuse me, pre-motion conference, that she did not have the expertise in the area specifically concerning the wire tapping allegations, and therefore, I find it hard for someone to admit that they are not familiar with an area but walk into the conference alleging, stating that she wanted to dismiss that claim. Concerning the wire tapping allegations, anything involving an electronic footprint or data, data specifically being wiped from a server, would call for hard copies of emails, testimonies of the IT department, the telecommunications department, who verified that the defendants did in fact change my passwords. This would require their testimony and evidence, and it clearly shows in my case that this area was not understood or read in the appropriate manner to know that further inquiry would be required. In fact, I did relate to some case law that states dates, time, names, and places are the central object of discovery and need not be pleaded. Regarding the transcript, the transcript was a part of the appeals process, so it's not something raised separately. It was a part thereof, and there were witnesses present to corroborate what I stated that took place with the transcript, and again, constantly amending my case when facts were not clear would only water down, undermine, and dismantle my allegations, and without the proper trust, which was removed from this entire process, it made me feel reluctant to submit my allegations, my evidence. So with the full process, I have no problem to submit that, and that's again what I am requesting to have a fair process. Thank you. All right. Thank you both. The court will reserve decision. That completes our calendar for today. I'll ask the deputy to adjourn. Court is adjourned.